```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
AMAURY VILLALOBOS,                  :
                                    :
                        Plaintiff,  :
                                    :
        -against-                   :
                                    :
NEW YORK STATE DIVISION OF PAROLE   :
et ano.,                            :
                                    :
                        Defendants. :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/13/12

09 Civ. 8431 (WHP)

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

By summary order dated August 28, 2012, entered as a mandate on that day, the Court of Appeals remanded this action to this Court with instructions to docket and decide Plaintiff Amaury Villalobos's ("Villalobos") motion to amend the judgment pursuant to Federal Rule of Civil Procedure 52(b). On September 12, 2012, this Court docketed Villalobos's motion. (ECF 24.) For the following reasons, Villalobos's motion to amend the judgment is denied.

This Court's August 23, 2010 Memorandum & Order (the "August 23 Order") sets forth the background of this action. Villalobos v. N. Y. Div. of Parole, No. 09 Civ. 8431(WHP), 2010 WL 3528926, at *1 (S.D.N.Y. Aug. 23, 2010). After this Court dismissed his complaint, Villalobos moved to amend the judgment and this Court's findings. By letter dated September 20, 2010, the Clerk of the Court (the "Clerk") returned Villalobos's motion without docketing it. As the Court of Appeals noted, this was a mistake because Villalobos's Rule 52(b) motion was timely. This Court docketed the order of dismissal on August 23 but the Clerk failed to enter a judgment. Villalobos v. N.Y. State Div. of Parole, 2012 WL 3660069, at *1 (2d Cir. 2012). As a result, the August 23 Order dismissing the action did not become final until January

20, 2011. See Fed. R. App. P. 4(a)(7)(ii). In any event, the Court of Appeals held that it did not have jurisdiction because this Court had not resolved Villalobos's Rule 52(b) motion. Villalobos v. N.Y. State Div. of Parole, 2012 WL 3660069, at *1 (2d Cir. 2012).

"Rulings on motions under Rule[] 52(b) . . . are committed to the sound discretion of the district court." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 143-144 (2d Cir. 1998). "'[A] party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation,' and hence 'courts are, for example, to construe a pro se litigant's pleadings and motions liberally.'" Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010) (quoting In re Sims, 534 F.3d 117, 133 (2d Cir. 2008)). The purpose of amendment under Rule 52(b) is not to upset the finality of judgments but to ensure an adequate factual record for appellate review. See United States v. Local 1804-1, Itn'l Longshoremen's Ass'n, 831 F. Supp. 167, 169 (S.D.N.Y. 1993); see also Bazuaye v. United States, No. 09 Civ. 8288 (KTD), 2011 WL 1201696, at *1 (S.D.N.Y. Mar. 24, 2011) ("Here, however, [] it is unnecessary to amend the judgment, since there is (1) no need to correct manifest errors of law or fact; and (2) no newly discovered evidence."); Panton v. United States, No. 98 Civ. 1881 (LAP), 2010 WL 5422293, at *2 (S.D.N.Y. Dec. 23, 2010) ("Rule 52(b) provides a means to dispute underlying facts that resulted in faulty factual findings or conclusions of law based on those facts."). Amendment under Rule 52(b) may also be proper to correct manifest error, introduce newly discovered evidence, or apply new law that would affect the outcome of the case. See Dow Chem. Pac. Ltd. v. Rascator Mar. S.A., 609 F. Supp. 451, 452-453 (S.D.N.Y. 1984). Rule 52(b) is not a vehicle for relitigating losing arguments or advancing new legal theories. See Local 1804-1, 831 F. Supp. at 169.

Villalobos raises two issues in his Rule 52(b) motion. First, he requests that this Court reconsider its denial of his claim for injunctive relief. (ECF 24 ¶1.) But that claim was before this Court when it considered Villalobos's opposition to the motion to dismiss. (Pl.'s Opp'n to Mot. To Dismiss, dated Apr. 4, 2011, ECF 23 at ¶4-6.) Second, Villalobos maintains that his original complaint did not assert a claim under the Due Process Clause. (ECF 24 ¶2.) Villalobos's assertion about what is not in his pleading is irrelevant. This Court considered a Due Process theory only in an effort to tease any possible claim from Villalobos's complaint. See Bertin v. United States, 478 F.3d 489, 491-92 (2d Cir. 2007) ("We liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest.") (internal quotation marks omitted).

Finally, Villalobos's motion does not disclose any new facts or seek to amend the findings in this Court's August 23 Order. It does not bring to the Court's attention a manifest error of law, introduce newly discovered evidence, or ask this Court to apply new law. Rather, it is a collateral attempt to relitigate issues already decided by this Court. Cf. Panton, 2010 WL 5422293, at *2 (denying a Rule 52(b) motion after noting that the motion was "purely legal in nature" and "would not warrant amending or finding additional facts pursuant to the application of law"). For the same reasons, to the extent that Villalobos's Rule 52(b) motion can be characterized as a motion for reconsideration, it is denied. See Pa. Pub. Sch. Emps.' Ret. Sys. v. Bank of Am. Corp., --- F.Supp.2d ----, 2012 WL 3847025, at *2 (S.D.N.Y. 2012) ("[Defendant] cannot use this motion [for reconsideration] as a vehicle to advance new theories."); Panchishak v. U.S. Dep't of Homeland Sec., No. 08 Civ. 6448 (WHP), 2010 WL 4780775, at * 1 (S.D.N.Y. Nov. 22, 2010) ("Reconsideration is not an invitation for parties to 'treat the court's initial

decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'") (quoting De Los Santos v. Fingerson, No. 97 Civ. 3972(MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov.12, 1998)). Such attempts to relitigate frustrate the purposes of Rule 52(b) and erode the "compelling interest in the finality of litigation." Local 1804-1, 831 F. Supp. at 169.

## CONCLUSION

For the foregoing reasons, Plaintiff Amaury Villalobos's Rule 52(b) motion is denied. The Clerk of the Court is directed to terminate the motion pending at ECF No. 24, mark this case closed, and enter a judgment dismissing the action in favor of Defendant.

Dated:   September 13, 2012
         New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies mailed to:*

Amaury Villalobos
82-A-3755
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582
*Plaintiff pro se*

Maria Barous Hartofilis, Esq.
Attorney General's Office
120 Broadway
New York, NY 10271
*Counsel for Defendants*